PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-MC-00130-KJM-KJN |
| Plaintiff, | STIPULATION AND ORDER EXTENDING TIME FOR FILING A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE |
| v. | |
| APPROXIMATELY 10.6396908 BITCOIN, | |
| APPROXIMATELY 8.414561 LITECOIN, | |
| APPROXIMATELY 1.5639 ETHEREUM, AND | |
| APPROXIMATELY 0.5187177 BITCOIN, | |
| Defendants. | |

The United States and potential claimant Gabriel Alva ("claimant"), by and through their counsel, submit the following Stipulation and Order pursuant to the Court's prior order in this case. The seizures forming the basis for this matter took place several years ago and the parties acknowledge the many extensions to the forfeiture deadline given the companion criminal investigation, document-intense nature of the case, complex cyber issues, ongoing settlement negotiations, and the COVID-19 pandemic.

**<u>Good Cause</u>**

The seizures in this case stem from an investigation and the execution of nine federal search warrants including the residence of the potential claimant. On May 16, 2019, during the execution of federal search warrants at the residences of the claimant and a co-conspirator, agents seized more than

120 pounds of crystal methamphetamine, 12 pounds of cocaine, 8 pounds of heroin, nine firearms, and over $350,000 in U.S. Currency. During the investigation of the claimant and his co-conspirators, agents reviewed transactions totaling over one million dollars exchanged from Bitcoin to currency that was ultimately deposited into bank accounts of the claimant and a co-conspirator. In August of 2019, federal seizure warrants were issued for funds in six bank accounts. Those assets are part of a separate civil forfeiture matter that involved multiple claimants.

Accordingly, the United States has committed substantial resources and time to reviewing the above-described transactions involving digital and U.S. currency—and those individuals involved in the transactions—which has been the primary necessitating force for the many extensions in this case. Lastly, while this case originated a few years ago, the last thirteen months of case movement has been slowed by the COVID-19 global pandemic. The COVID-19 pandemic has had a significant impact on the progression of this matter given the logistical difficulties of reviewing large sets of documents, making charging decisions, and meeting with the various counsel and clients located in different locations.

### **Stipulations**

1. On or about May 23, 2019 and May 25, 2019, the Homeland Security Investigation ("HSI") seized the above-referenced defendant cryptocurrency pursuant to a Federal search warrant and consent (hereafter collectively "defendant cryptocurrency").

2. Under 18 U.S.C. §§ 983(a)(1)(A)(i)-(iv), and 983(a)(3)(A), the United States is required to send notice to potential claimants, file a complaint for forfeiture against the defendant cryptocurrency, or obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture within ninety days of seizure, unless the court extends the deadline for good cause shown or by agreement of the parties. That deadline was August 21, 2019.

3. By Stipulation and Order filed August 28, 2019, the parties stipulated to extend to November 19, 2019, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

4. By Stipulation and Order filed November 25, 2019, the parties stipulated to extend to

February 17, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

5.     By Stipulation and Order filed February 19, 2020, the parties stipulated to extend to April 17, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

6.     By Stipulation and Order filed April 22, 2020, the parties stipulated to extend to June 16, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

7.     By Stipulation and Order filed May 28, 2020, the parties stipulated to extend to July 31, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

8.     By Stipulation and Order filed July 22, 2020, the parties stipulated to extend to October 29, 2020, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

9.     By Stipulation and Order filed November 4, 2020, the parties stipulated to extend to January 27, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

10.     By Stipulation and Order filed January 21, 2021, the parties stipulated to extend to April 27, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

11.     As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to further extend

3

to June 25, 2021, the time in which the United States is required to file a civil complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture.

12. Accordingly, the parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the defendant cryptocurrency and/or to obtain an indictment alleging that the defendant cryptocurrency is subject to forfeiture shall be extended to June 25, 2021.

Dated: 4/26/2021                 PHILLIP A. TALBERT
Acting United States Attorney

By:    /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 4/27/2021                 /s/ Stephen Kahn
STEPHEN KAHN
Attorney for potential claimant
Gabriel Alva

(Signature authorized by phone)

**IT IS SO ORDERED**.

Dated: May 4, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE